UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONINE STEWART,

        Petitioner,

v.                                       CASE NO. 2:19-CV-13383
                                          HONORABLE VICTORIA A. ROBERTS

DAVE SHAVER,[1]

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Antonine Stewart ("Petitioner") pleaded guilty to armed robbery, MICH. COMP. LAWS § 750.529, in the Genesee County Circuit Court and was sentenced to 10 to 30 years imprisonment in 2018. In his pleadings, as amended/supplemented, Petitioner challenges the validity of his guilty plea. For the reasons set forth, the Court denies and dismisses with prejudice the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.    Facts and Procedural History**

---

[1]Petitioner is currently confined at the Parnall Correctional Facility in Jackson, Michigan. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=211050. Consequently, the proper respondent in this case is the warden at that facility, Dave Shaver, who has custody of Petitioner. *See* 28 U.S.C. § 2243; 28 U.S.C. foll. § 2254, Rule 2(a); Fed. R. Civ. P. 81(a)(2). Accordingly, the Court hereby amends the caption to reflect the proper respondent.

Petitioner's conviction arises from a dispute with a man over payment for a cigarette outside of a hospital emergency room in Flint, Michigan on April 28, 2018.  During the altercation, Petitioner took the victim's cane and threatened to hit him with it for not paying a dollar for the cigarette that Petitioner gave him.  The victim then gave Petitioner his wallet and Petitioner fled the scene.  7/18/18 Plea Hrg. Tr., pp. 10-15; ECF No. 15-2, PageID.147-152.

On July 18, 2018, Petitioner pleaded guilty to armed robbery in exchange for an agreement that he not be charged as a fourth habitual offender.  *Id*. at p. 5; PageID.142.  At the plea hearing, Petitioner acknowledged that he understood the terms of his plea, the maximum sentence that he could face, and the rights that he was giving up by pleading guilty.  He also signed an advice of rights form.  Petitioner further confirmed that it was his choice to plead no contest, that he was doing so freely and voluntarily, and that he had not been threatened or promised anything else in exchange for his plea.  *Id*. at pp. 6-10; PageID.143-147.

On August 17, 2018, the trial court conducted a sentencing hearing.  At that hearing, Petitioner, against counsel's advice, asked to withdraw his plea.  Petitioner stated that the case had been dismissed three times, that he did not agree with or understand what his defense lawyers were doing, that they threatened him with life in prison if he did not sign the papers, and that he did not have the chance to confront his accuser.  He also indicated that he was under the influence of mental health drugs and disputed the factual basis for his plea.  8/17/18 Sent. Hrg. Tr., pp. 5-7, 9; ECF No. 15-3, PageID.162-164, 166.  The trial court denied Petitioner's request finding that his plea was knowing, intelligent, and voluntary.  *Id.* at pp. 8-9; PageID.165-166. The trial court then sentenced him to 10 to 30 years imprisonment.  *Id.* at p. 11; PageID.168.

Following his conviction and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for lack of merit in the grounds presented." *People v. Stewart*, No. 346999 (Mich. Ct. App. Feb. 11, 2019). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Stewart*, 504 Mich. 946, 931 N.W.2d 340 (2019).

Petitioner thereafter instituted this federal habeas action. He raises the following claim in his habeas petition as amended:

> A plea in a criminal case must be entirely voluntary, by one competent to know the consequences, and should not be induced by fear, misapprehension, promises, inadvertence, or ignorance. The plea in the present case was induced by fear, undue pressure, or misapprehension, rendering the plea unconstitutional.

ECF No. 8. Respondent filed an answer to the petition contending that it should be denied for lack of merit. ECF No. 14.

**III.    Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging state convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on

5

numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). Lower federal court decisions may be useful in assessing the reasonableness of a state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Discussion

Petitioner asserts that he is entitled to habeas relief because his guilty plea was not knowing, intelligent, and voluntary. Respondent contends that this claim lacks merit and does not warrant habeas relief.

As an initial matter, the Court notes that Petitioner is not entitled to relief on any claim that the state trial court abused its discretion, or otherwise violated state law, in refusing to allow him to withdraw his plea. Such a claim is not cognizable on habeas review because it is a state law claim. A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378, 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); *see also Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). State courts are the final arbiters of state law and federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Habeas relief is thus not warranted on such a basis.

Petitioner asserts that his plea was not knowing, intelligent, and voluntary because it was induced by fear, pressure, and a general misunderstanding. When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly,

7

intelligently, and voluntarily. *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749.

In this case, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[2] The state court record reveals that Petitioner's guilty plea was knowing, intelligent, and voluntary. Petitioner was 57 years old at the time of his plea and was familiar with the criminal justice system. There is no evidence that he suffered from physical or mental problems which impaired his ability to understand the criminal proceedings or his plea. He was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The parties discussed the charges, the terms of the plea agreement, and the consequences of the plea. Petitioner indicated that he understood the plea agreement and wanted to plead guilty, that he had not been threatened or promised anything other than what was included in the agreement,

---

[2]The Court would reach the same result under a de novo standard of review.

and that it was his own decision to plead guilty. He also provided a factual basis for his plea. Petitioner is bound by those statements. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (ruling that defendant is ordinarily "bound to the answers he provides during a plea colloquy"). The fact that he was subsequently dissatisfied with his plea or may have hoped for more lenient treatment at sentencing does not render his plea unknowing or involuntary. *Brady*, 397 U.S. at 757.

Petitioner seems to assert that his plea is invalid because he was "under the influence" of mental health medication at the time of his plea. The standard governing competency to stand trial is whether the defendant "has sufficient present ability to consult with counsel with a reasonable degree of rational understanding" and whether the defendant "has a rational as well as factual understanding of the proceedings." *Dusky v. United States*, 362 U.S. 402, 402 (1960). The competency standard for entering a guilty or no contest plea is the same. *Godinez v. Moran*, 509 U.S. 389, 396-401 (1993).

In this case, even assuming that Petitioner was taking medication for his mental health at the time of his plea, he is not entitled to relief on such a basis because there is no indication in the record that his mental health or his medication impaired his ability to consult with counsel or to understand the criminal proceedings and his plea. *See Price v. Rivard*, No. 5:16-CV-13187, 2017 WL 1329455, *5 (E.D. Mich. April 11, 2017) (denying habeas relief on similar claim); *Gurnsey v. Prelesnik*, No. 2:11-CV-15048, 2014 WL 1977021, *4-5 (E.D. Mich. May 15, 2014) (same); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 671-72 (E.D. Mich. 2002) (denying habeas relief where petitioner failed to present sufficient evidence that she was mentally incompetent at the time of her plea). Conclusory allegations, without evidentiary support, are

insufficient to warrant federal habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Wogenstahl v. Mitchell*, 668 F.3d 307, 335-36 (6th Cir. 2012) (citing *Workman* and denying habeas relief on conclusory claims); *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas review). Petitioner fails to show that his mental health or his medication affected the knowing and voluntary nature of his plea.

Petitioner also asserts that his plea is invalid because he did not confront his accuser and/or he is innocent. A guilty or no contest plea, however, involves a waiver of many constitutional rights, including the right to a trial where the prosecution has the burden of proving guilt beyond a reasonable doubt, the right to confront adverse witnesses, and the right to present evidence in one's defense. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin*, 395 U.S. at 243). A defendant who pleads guilty or no contest waives all pre-plea issues, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including any claim that he or she had a defense to the charges. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Siegel v. New York*, 691 F.2d 620, 626 n. 6 (2d Cir. 1981) (citing *Tollett* and *McMann v. Richardson*, 397 U.S. 759 (1970)). A defendant is not entitled to withdraw a plea "merely because he [or she] discovers long after the plea has been accepted that his [or her] calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady*, 397 U.S. at 757. Petitioner waived his right to confront his accuser or to otherwise present a defense to the charges by pleading guilty. *Broce*, 488 U.S. at 569; *Tollett*, 411 U.S. at 267.

Lastly, Petitioner asserts that his plea is invalid due to pressure and fear – namely because counsel "threatened" him with a life sentence if he did not accept the plea bargain. Petitioner fails to show that he was coerced or pressured into tendering his guilty plea. Rather, the record reflects that Petitioner faced a life sentence upon conviction and that he avoided a fourth habitual offender sentencing enhancement by pleading guilty. Petitioner's own fear of conviction or a life sentence, and counsel's discussion of the actual, potential consequences of rejecting the plea bargain, do not amount to duress. *See, e.g., United States v. Evans*, 406 F. App'x 946, 950 (6th Cir. 2011) (citing *Brady*, 397 U.S. at 750-51). The fact that Petitioner faced a sentencing enhancement or a greater sentence if he proceeded to trial also does not constitute coercion. *See, e.g. Bordenkircher v. Hayes*, 434 U.S. 357, 363-64 (1978) (ruling that a prosecutor may warn a defendant that he risks a more severe punishment or a greater charge should he proceed to trial); *Chaffin v. Stynchcombe*, 412 U.S. 17, 31 (1973) ("Although every such circumstance [the potential to face a higher sentence absent a plea] has a discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices was upheld as an inevitable attribute of any legitimate system which tolerates and encourages the negotiation of pleas."). Petitioner's statements at the plea hearing – that it was his choice to plead guilty and that he had not been threatened – also belie his claim that he was coerced into pleading guilty. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted.

11

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal cannot be taken in good faith. FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: April 4, 2022

12